IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TERRY LEATHERWOOD<br>DBA LEATHERWOOD PAINT &<br>BODY<br>Plaintiff,<br><br>v.<br><br><br>ACCEPTANCE INDEMNITY<br>INSURANCE COMPANY<br>Defendant. | § § § § § § § § § § | CIVIL ACTION NO._____<br>JURY DEMANDED |

## DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Acceptance Indemnity Insurance Company ("Acceptance"), in Cause No. 23-208-DCCV-27640, pending in the 132nd District Court of Scurry County, Texas, files this Notice of Removal from said court to the United States District Court for the Northern District of Texas, Lubbock Division, on the basis of diversity of citizenship and respectfully shows:

### I. FACTUAL BACKGROUND

1.1    On or about August 16, 2023, Plaintiff filed its Original Petition in the matter styled *Terry Leatherwood DBA Leatherwood Paint & Body v. Acceptance Indemnity Insurance Company*, in the 132nd District Court of Scurry County, Texas, involving a claim for damages to its property under a commercial property's insurance policy. *See* Ex. A, Pl.'s Original Pet. at Sect. V-VI.

1

1.2     Plaintiff served Acceptance with process and Plaintiff's Original Petition on August 22, 2023.  *See* Ex. A, Pl.'s Original Pet.

1.3     Plaintiff's Original Petition states that during the terms of its insurance policy with Acceptance, Plaintiff's property sustained covered losses as a result of a hailstorm.  Plaintiff subsequently filed a claim on its insurance policy.  *See* Ex. A, Pl.'s Original Pet. at Sect. VI.

1.4     Plaintiff's Original Petition states that the damages were covered under the insurance policy Plaintiff bought from Acceptance and that Acceptance inadequately investigated and denied the loss.  *See id.*

1.5     The Index of Matters Being Filed is attached as Exhibit B to this Notice of Removal.  A copy of the Scurry County District Clerk's file for this case is also attached as Exhibit C and includes true and correct copies of all executed process, pleadings, and orders (Ex. C-1, C-2, C-3, and C-4).  A Certificate of Interested Persons is attached as Exhibit D.  The state court Docket Sheet is attached as Exhibit E.

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2     At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas.  *See* Ex. A, Pl.'s Original Pet. at Sect. II.

2.3     Defendant Acceptance is incorporated as a Nebraska-domiciled insurance company and has its principal place of business in Omaha, Nebraska.  Accordingly, Acceptance is not a citizen of Texas.

**A.      Diversity of Citizenship**

2.5     The only Plaintiff in this matter is a citizen and resident of Texas. The only Defendant in this matter is Acceptance, which is a foreign entity domiciled in Nebraska and with its principal place of business in Nebraska. As such, complete diversity exists, and removal is proper based upon diversity of citizenship. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), & 1446.

**B.      Amount in Controversy**

2.6     Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, the amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.7     In her Petition, Plaintiff states that it "seeks only monetary relief over $250,000 but not more than $1,000,000.00." Ex. A, Pl.'s Original Pet. at Sect. III.

2.8     Because Plaintiff has prayed for damages in excess of $75,000, this case may be properly removed to federal court.

### III.  THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Acceptance was first served with Plaintiff's Original Petition and process on August 22, 2023. Thus, by filing its Notice of Removal and accompanying documents on this date, Defendant Acceptance files its Notice of Removal within the thirty-day time period prescribed by 28 U.S.C. § 1446(b).

  3.2 Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

  3.3 Pursuant to 28 U.S.C. § 1446(d), promptly after Acceptance files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

  3.4 Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Scurry County Court promptly after Acceptance files this Notice.

## IV. **CONCLUSION**

  4.1 Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Acceptance Indemnity Insurance Company hereby removes this case to this Court for trial and determination.

               Respectfully submitted,

               GAULT, NYE & QUINTANA, L.L.P.
               P.O. Box 6666
               Corpus Christi, Texas, 78466
               Telephone: (361) 654-7008
               Fax: (361) 654-7001

               By: */s/ Connor R. Adamson*
                 Connor R. Adamson
                 Attorney-in-Charge
                 State Bar No. 24116002
                 cadamson@gnqlawyers.com

               **ATTORNEY FOR ACCEPTANCE INDEMNITY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
tnye@gnqlawyers.com

Catrina Guerrero
State Bar No. 24108893
cguerrero@gnqlawyers.com

## CERTIFICATE OF SERVICE

I, Connor R. Adamson, certify that on September 13, 2023, a copy of Defendant Acceptance Indemnity Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Terry Leatherwood:

**VIA EMAIL**
Jake Rogiers
*jrogiers@stormlex.com*
Marco D. Flores
*mflores@stormlex.com*

By:   */s/ Connor R. Adamson*
       Connor R. Adamson